O'BRIEN, BELLAND & BUSHINSKY, LLC
The Executive Plaza
2111 New Road - Suite 101
Northfield, New Jersey 08225
609-677-7930
*Attorneys for Plaintiffs*
BY:   Mark E. Belland, Esquire
      Brett I. Last, Esquire

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION, and APPRENTICE FUNDS and WILLIAM D. CANDELORI, JR. and CLEMENT SOMMERS, as Trustees and Fiduciaries for DISTRICT COUNCIL 711 HEALTH & WELFARE, VACATION and APPRENTICE FUNDS<br><br>319 East Jimmie Leeds Road<br>Galloway, NJ  08205<br><br>Plaintiffs,<br><br>vs.<br><br>METCON CONSTRUCTION and ALEX ENANIAN<br>18 Alberto Court, Apt. A<br>Bethpage, New York 11714<br><br>Defendant(s). | Civil Action No.:<br><br><br><br><br><br><br><br><br>COMPLAINT |

### JURISDICTION AND VENUE

1.   This action is brought pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145

respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, the common law of ERISA and the common law of the State of New Jersey.

2. Jurisdiction and venue are expressly vested in this Court by Section 502 of ERISA, 29 U.S.C. §1132, as well as Section 301 of the LMRA, 29 U.S.C. §185 plus the Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Apprentice Funds (the "Funds") are trust funds established and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds qualify to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. The Funds are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

5. William D. Candelori, Jr. and Clement Sommers are fiduciaries for the Funds within the meaning of 29 U.S.C. § 1002(21)(A).

6. Plaintiffs maintain their principal place of business at 319 East Jimmie Leeds Road, Galloway, NJ 08205.

7. Plaintiffs bring this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively,

and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, the common law of ERISA and the common law of the State of New Jersey.

8. Defendants, Metcon Construction and Alex Enanian, are referred to as "defendants" or "parties in interest" as defined in 29 U.S.C. §1002(5) and (14) respectively.

9. Defendants' principal place of business is located at 18 Alberto Court, Apt. A, Bethpage, New York 11714.

## COUNT ONE

10. The Collective Bargaining Agreement in effect between the defendant, Metcon Construction, and The International Union of Painters and Allied Trades District Council 711 Funds requires that certain contributions be made to the Funds on behalf of the employees of the defendant Metcon Construction

11. Defendants have failed to remit the required contributions to the Funds for the benefit of its employees.

12. Payment of the delinquencies has been demanded by the plaintiffs on numerous occasions and the defendants have refused to submit the required payments.

13. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under Section 406 of ERISA, 29 U.S.C. §1106(a)(1)(B).

14. Failure to pay the delinquencies enumerated is violative of 29 U.S.C. §1145.

15. This action is brought by the fiduciaries of the above funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145,

pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty-percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

16. A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. §1132(h).

WHEREFORE, the plaintiffs respectfully request the following relief:

A. Order defendants to pay contributions due and owing to the Funds; and

B. Order defendants to pay interest on the delinquent contributions at the rate of 11% per year as provided by 29 U.S.C. §1132(g); and

C. Order defendants to pay liquidated damages in the amount of 20% as provided by 29 U.S.C. §1132(g); and

D. Order defendants to specifically perform all obligations to the plaintiff funds under the collective bargaining agreement; and

E. Order defendants to pay plaintiffs' counsel reasonable attorneys' fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

F. Order such other and further relief as this Court may deem just and appropriate.

## COUNT TWO

17. Plaintiffs incorporate the allegations of Paragraph 1 through 16 of this Complaint as if set forth herein in their entirety.

18. On information and belief, defendant, Alex Enanian, is a principal shareholder of the defendant, Metcon Construction

19. On information and belief, defendant, Alex Enanian, used the defendant corporation as an alter ego.

20. On information and belief, the defendant corporation did not abide by corporate formalities.

21. On information and belief, defendant, Alex Enanian, misused the defendant corporation to advance his own interests.

22. On information and belief, defendant, Alex Enanian, misused the defendant corporation to avoid paying legitimate claims of creditors such as plaintiffs.

23. As a result of the misuse of the defendant corporation, the corporate veil of said corporation should be pierced to impose personal liability on defendant, Alex Enanian, for the amounts owed to plaintiffs.

WHEREFORE, plaintiffs demand judgment against defendant, Alex Enanian, for all contributions owed to plaintiffs, together with lawful interest, liquidated damages, reasonable attorneys' fees, costs of suit and such other and further relief which the Court deems equitable and just.

## COUNT THREE

24. Plaintiffs incorporate the allegations of Paragraphs 1 through 23 of this Complaint as if set forth herein in their entirety.

25. On information and belief, defendant, Alex Enanian, is a fiduciary to the Funds.

26. On information and belief, defendant, Alex Enanian, exercised

control or authority over assets of the Funds.

27. On information and belief, defendant, Alex Enanian, had discretionary control over company assets and used money to satisfy company debts other than the debt owed to the Funds.

28. As a result of the misuse of the Funds, defendant, Alex Enanian, breached his fiduciary duty to the Funds.

WHEREFORE, plaintiffs demand judgment against defendant, Alex Enanian, for all contributions owed plaintiffs, together with lawful interest, liquidated damages, reasonable attorneys' fees, costs of suit and such other and further relief which the Court deems equitable and just.

O'BRIEN, BELLAND & BUSHINSKY, LLC  
*Attorneys for Plaintiffs*

_____  
BRETT I. LAST, ESQUIRE

Dated: 10/2/07